[619 NYS2d 779]

In the Matter of JEAN CHARLES (Admitted as JEAN-HERVE CHARLES), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 12, 1994

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

*Jean Charles,* Jamaica, respondent *pro se.*

Per Curiam.

In this proceeding, the respondent was charged with three allegations of professional misconduct. The Special Referee sustained all three charges. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm the report of the Special Referee and to dismiss the charges.

Charge One alleged that the respondent has engaged in conduct which adversely reflects upon his fitness to practice law. In or about September 1988, the respondent was retained by Edouarcin Romeo to obtain a refund from a car dealer. Mr. Romeo filed a complaint against the respondent on or about May 19, 1991, alleging that respondent had neglected the case. The Grievance Committee requested, on or about May 24, 1991, that the respondent answer the Romeo complaint.

The respondent informed the Grievance Committee on or about November 16, 1991, that Mr. Romeo's claim against him would be settled by the respondent for $7,000. The respondent and Mr. Romeo thereafter entered into a written agreement in full settlement of Mr. Romeo's claim. The respondent gave Mr. Romeo a check in the amount of $1,000 on the signing of the agreement and agreed to pay an additional $6,000 in 20 consecutive monthly installments of $300 each, commencing on December 25, 1991.

The Grievance Committee issued an Admonition to the respondent on or about February 20, 1992, for his neglect of the Romeo matter.

After making three payments to Mr. Romeo, the respondent ceased making payments and left an unpaid balance of $5,100.

Charge Two alleged that the respondent neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]). Annie Joseph sustained physical injuries in a motor vehicle accident on or about June 23, 1988. Ms. Joseph retained the respondent who failed to commence an action on her behalf within the period allowed by the Statute of Limitations. As a result of the respondent's neglect, Ms. Joseph's claim became time barred.

Charge Three alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law. The respondent was advised that Ms. Joseph intended to report his misconduct to the proper authorities. On or about

March 20, 1992, the respondent and Ms. Joseph entered into a written agreement in full settlement of Ms. Joseph's claim against the respondent. Pursuant to the agreement, the respondent would pay Ms. Joseph $4,000 and guaranteed that she would receive a no-fault payment from the insurance carrier. The respondent failed to abide by the terms of the agreement and failed to make any payments to Ms. Joseph.

After a review of the evidence adduced, we find that the Special Referee properly sustained all three charges. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we have considered the mitigation advanced by the respondent and the statements of the Special Referee, including the fact that the respondent has not caused any of his clients any monetary loss and his many *pro bono* activities within the community. In addition to the Admonition by the petitioner in connection with his handling of the Romeo case, the respondent has also received a Letter of Caution from the Departmental Disciplinary Committee of the First Judicial Department. Under the circumstances, we find that the respondent is guilty of serious professional misconduct which warrants his suspension from the practice of law for a period of two years.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and PIZZUTO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jean Charles, is suspended from the practice of law for a period of two years, commencing January 12, 1995, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jean Charles, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.